LOTHROP *v.* CASALDÚC ET AL.

APPEAL from the District Court of Ponce.

No. 73.—Decided December 18, 1906.

APPEAL—FILING OF TRANSCRIPT OF RECORD—ABANDONMENT OF APPEAL.—The appellant must file the transcript of the record on appeal within the period fixed by the rules of the court or the extensions thereof which may have been granted, and after the expiration of such time, if the transcript has not been filed, the appeal will have been deemed to have been abandoned.

ID.—ALLOWING APPEAL.—It is not necessary for a trial court to allow an appeal, nor will its refusal to allow the same be sufficient to warrant the appellant in failing to comply with the rules governing the filing of transcripts of records.

ID.—FORECLOSURE OF MORTGAGE—SALE OF PROPERTY AT PUBLIC AUCTION—SPECIAL ORDER.—An order of the court made in a summary foreclosure proceeding directing the sale of the property at public auction is not a special order for the purposes of subdivision 3 of section 295 of the Code of Civil Procedure, and is not appealable to the Supreme Court.

The facts are stated in the opinion.

*Mr. Casaldúc* for appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

In response to a proceeding begun therein under the Mortgage Law, the District Court of Ponce on the 31st of May, 1906, ordered that Marcelino Torres Zayas and Felipe Casaldúc Goicochea should, within thirty days, pay to the plaintiff or her legal representative certain amounts, to wit: The said Torres Zayas should pay the sum of $4,000 with interest at 10 per cent, from February 26, 1901, and the said Felipe

Casaldúc Goicochea should pay the sum of $5,000, with interest at 10 per cent from the 21st day of February, 1904; and in default of such payments that the properties respectively mortgaged to cover the amount set forth should be sold at public auction. Felipe Casaldúc Goicochea took an appeal from this order of the court, and his appeal was entered on the 31st day of June, 1906. The District Court of Ponce, as alleged by the appellant, refused to entertain the appeal on various grounds, and no immediate action in respect thereto seems to have been taken by the appellant.

Subsequently, after a motion for a sale was made on behalf of the creditor, the said appellant filed a petition requiring the complainant to show cause why such a motion should not be striken from the record. This petition was dated July 12, 1906. On July 19, 1906, the court denied the petition of the appellant on the ground that no defenses were available to him except those especially set forth in the Mortgage Law, and in a separate ruling the court ordered that the properties subject to the mortgage proceeding be sold by the marshal.

From this latter order the defendant, Casaldúc, took an appeal, and the same was noted on the 23d day of July, 1906. On the 6th day of August, 1906, the appellant filed a motion in this court asking that his time for filing the record be extended. In this motion the appellant says that the appeal was noted on the 23d day of July, and that his time would expire on the 12th of August. Nothing was said about the appeal noted June 13. The fiftieth rule of court, cited by the appellant in his motion, requires a record on appeal to be filed in this court within twenty days from the date at which the notice of appeal is filed with the secretary of the district court. The appellant, with respect to this appeal noted the 13th of June failed to comply with this rule. Indeed, on August 6, when he made the application for extension, his time with respect to the first appeal had expired. As no attempt was made by the appellant to bring himself within the rules of the court in regard to the appeal of June 13, 1906,

either with respect to the record or the extension of time, such appeal must be considered to have been abandoned.

It makes no difference that the district judge refused to entertain the appeal. Under section 302 of the Code of Civil Procedure the copies required can be certified to by the attorney and records brought to us in that way. This has been the practice, and was finally resorted to by the attorney in this case, with respect to his appeal. For this purpose the consent of the court below is not necessary. This court having extended the time as prayed, the appellant accordingly filed his record herein.

We therefore come to examine the nature of the order from which the appeal is taken. It is merely an order of sale made after the order of the court requiring the debtor to pay.

The act of March 9, 1905, relating to judgments and the manner of satisfying them and cited by the appellant prescribes the method of executing sentences with respect to mortgages, and the order appealed from purports to have been made in pursuance of that act. It is in no sense a special order. Section 295, paragraph 3, of the Code of Civil Procedure, in treating of what appeals may be taken, set forth that such appeal lies "from any special order made after final judgment." Even considering the action of May 31 as a final judgment it does not follow that each and any order made thereafter is a special one. Exactly what the Legislature had in mind by "special order" may not appear at first sight, and it is possible that there are very few orders that would come under this description. It may be that sections 269 *et seq.* relating to proceedings supplemental to the execution would be held to be such orders. Similarly, motions to set aside a judgment after the expiration of the term on account of fraud might come under this head. It is unnecessary for us to point out all the things that might come under the definition of "special order." We do not think that the order of sale prescribed by the first section of the Act of March 9, 1905, comes within such definition.

The appellant, therefore, has not brought himself within any one of sections 295 *et seq.* relating to appeals, and order appealed from must be dismissed with costs.

*Dismissed.*

Chief Justice Quiñones, and Justices Hernández and Figueras concurred.

Mr. Justice MacLeary dissented.

DISSENTING OPINION OF MR. JUSTICE MACLEARY.

I cannot agree with the judgment rendered in this case on the 18th instant, nor with the opinion of my colleagues on which the same was founded.

Without discussing the provisions of the Mortgage Law, and the manner of foreclosing mortgages under the statutes now in force, which I have heretofore done in a dissenting opinion filed on the 26th of February, 1906, in the case of *Giménez* v. *Brenes,* on appeal from the District Court of Guayama, I would say that I do not approve of the reasoning followed in the opinion of this court heretofore rendered in the case at bar.

Section 295 of the Code of Civil Procedure, in the first paragraph provides that appeals can be taken from final judgments. It is true that in paragraph 3 appeals are provided for from special orders made after final judgment; but the appeal in this case was taken from an order made on the 19th of July, 1906, which commanded the properties subject to the mortgage to be sold by the marshal. If this was not a final judgment, it is difficult to conceive what is one. It disposes of the entire case, and nothing more can be done by either party in regard to the matter. It is in no sense an interlocutory judgment or order, nor is it a special order.

The appellant in this case took 'his appeal in due time, and perfected it according to the statute. For these reasons, according to my view, the appeal should have been entertained, and ought not to have been dismissed.